# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-19-300-G |
| ) | |
| BILLY DEAN YOUNG, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the Motion to Suppress (Doc. No. 24), filed through counsel by Defendant Billy Dean Young, Jr. on December 1, 2019. The government has responded in opposition (Doc. No. 25). On February 4, 2020, the Court conducted an evidentiary hearing on the Motion. Defendant appeared personally and through counsel, Joseph L. Wells. The government appeared through Assistant United States Attorney Mark R. Stoneman. The Court heard the testimony of Comanche Nation Tribal Police Officer Zickefoose and received the government's exhibits. Upon consideration of the evidence and the parties' arguments, the Court denies the Motion.

I. BACKGROUND

On the night of August 18, 2019, Officer Zickefoose patrolled the Comanche Nation Casino parking lot in Lawton, Oklahoma with his narcotic detection canine. The canine alerted to the rear passenger side of a vehicle, which dispatch identified to Officer Zickefoose as Defendant's. Officer Zickefoose looked through the front driver's side window of the vehicle and saw a shotgun between the front seat and center console.

Officer Zickefoose located Defendant in the casino and escorted him outside. Once outside, Officer Zickefoose informed Defendant of the positive canine alert. Defendant unlocked the vehicle, and Officer Zickefoose performed a search. Officer Zickefoose retrieved the shotgun, which had a sawed-off barrel, from the vehicle but found no drugs, drug paraphernalia, or other contraband. Officer Zickefoose also retrieved Defendant's wallet, which contained Defendant's Oklahoma ID card. Following the search, Officer Zickefoose read Defendant his *Miranda* rights and received confirmation from dispatch that Defendant was a convicted felon.

Defendant now seeks the suppression of evidence that a sawed-off shotgun was seized from his vehicle during Officer Zickefoose's search. Defendant objects to the absence of video footage of the canine's alert, to Officer Zickefoose's decision not to read Defendant his *Miranda* rights at the time he was escorted outside the casino and—says Defendant—arrested, and to Officer Zickefoose's assertion that he saw the shotgun prior to the search when looking through the window of the vehicle. The government has responded that the dog alert provided Officer Zickefoose with probable cause to search the vehicle and that the search was lawful under the automobile exception to the warrant requirement. The government further argues that the search and seizure were lawful because the sawed-off shotgun was contraband in plain view.

II. DISCUSSION

The Tenth Circuit has held that a canine sniff "of the exterior of a vehicle parked in a public place does not require reasonable suspicion because it is not a Fourth Amendment intrusion." *United States v. Engles*, 481 F.3d 1243, 1245 (10th Cir. 2007); *see United*

*States v. Ludwig*, 10 F.3d 1523, 1527 (10th Cir. 1993) ("[R]andom and suspicionless dog sniffs are not searches subject to the Fourth Amendment."). Further, a canine alert is "reliable enough to create a 'fair probability' that there is contraband" and, thus, is sufficient to provide "the probable cause necessary for searches and seizures." *Ludwig*, 10 F.3d at 1527-28; *United States v. Anchondo*, 156 F.3d 1043, 1045 (10th Cir. 1998); *see United States v. Moore*, 795 F.3d 1224, 1231 (10th Cir. 2015).

At the evidentiary hearing, Defendant stipulated that Officer Zickefoose and his canine had been certified for the detection of methamphetamine by canine sniff. Further, Officer Zickefoose testified in detail as to the canine's positive alert on Defendant's vehicle, and the Court finds this testimony credible. *See Moore*, 795 F.3d at 1231. Accordingly, the Court determines that the canine gave a positive alert on Defendant's vehicle and that this alert provided Officer Zickefoose with probable cause for his search. The Court is unpersuaded by Defendant's argument that the evidence resulting from the search should be suppressed because Officer Zickefoose did not advise Defendant of his *Miranda* rights or otherwise tell Defendant he was under arrest prior to the search. The timing of Defendant's custodial interrogation or arrest in no way implicates or vitiates the probable cause supplied by the canine alert.[1]

---

[1] In his Motion, Defendant did not directly request suppression of any statements made by him during his encounter with Officer Zickefoose but indicated that he may raise that issue based upon the Court's findings. *See* Def.'s Mot. at 3. At the hearing, Defendant again did not expressly seek the suppression of any statements. To the extent, however, that Defendant objects to the presentation of evidence regarding Defendant's statements, the Court notes that the only admission referenced in the Motion or at the hearing was Defendant's statement to Officer Zickefoose on the night of his arrest that he had consumed methamphetamine. That admission was made voluntarily after Officer Zickefoose arrested

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress (Doc. No. 24) is DENIED.

IT IS SO ORDERED this 5th day of February, 2020.

CHARLES B. GOODWIN
United States District Judge

---

Defendant and read to him his rights under *Miranda*. In any event, Defendant is not charged with possession of methamphetamine.